**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 96-50461
(Summary Calender)

_____

CATARINA GARCIA,

                                        Plaintiff-Appellant,

                        versus

TEXAS YOUTH COMMISSION;
WEST TEXAS STATE SCHOOL,

                                        Defendants,

STEVE ROBINSON, Individually
and as Executive Director of
Texas Youth Commission;
JOHNNY WILLIAM, Individually
and as Superintendent of West
Texas State School; KAY
DOEBBELING, Individually
and as Acting Superintendent
of West Texas State School,

                                        Defendants-Appellees.

_____

Appeal From the United States District Court
for the Western District of Texas
No. 95-CV-75

_____

May 23, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Plaintiff-Appellant Catarina Garcia appeals from the district court's partial grant of summary judgment on her workers' compensation retaliation claims against Defendants-Appellees Steven Robinson, Johnny Williams and Kay Doebbeling ("defendants"). The district court dismissed the defendants in their official capacities, holding that (1) the Texas legislature has not waived sovereign immunity from workers' compensation retaliation claims for the State of Texas and state agencies, and (2) the defendants, acting in their official capacities, are cloaked with the same immunity from suit.

In conducting our de novo review, we have carefully evaluated the record on appeal, the arguments of counsel for both parties as set forth in their respective briefs to this court, and the applicable law. Our review convinces us that the district court correctly analyzed the issue, applied the appropriate law, and reached the correct result. Garcia's singular reliance on City of LaPorte v. Barfield[1] in support of her contention that sovereign immunity has been waived by the Texas legislature in workers' compensation retaliation cases is misplaced. In Barfield, the Texas Supreme Court held that the Texas legislature has granted a limited waiver of sovereign immunity from workers' compensation retaliation claims for political subdivisions of the State of Texas, such as cities and local school districts, but not for the

[1] 898 S.W.2d 288 (Tex. 1995).

State of Texas itself or its agencies.[2] Moreover, another Texas appellate decision has recently confirmed that a Texas state agency and its officials acting in their official capacity are entitled to sovereign immunity from claims of workers' compensation retaliation.[3] Accordingly, the district court properly granted summary judgment to defendants in their capacities as officials of either the Texas Youth Commission, a state agency, or its wholly owned entity, the West Texas State School.

In any event, the district court did not grant summary judgment on Garcia's retaliation claims against the defendants in their individual capacities, so Garcia was able to present these claims to a jury and did so. The jury found, however, that the defendants had <u>not</u> discharged Garcia for her good faith filing of a workers' compensation claim, and thus had not discriminated against her for filing that claim. Consequently, Garcia would be collaterally estopped from re-litigating the same workers' compensation retaliation claim in another trial against the defendants in their official capacities that she had actually

---

[2] <u>Id.</u> at 297-299.

[3] 919 S.W.2d 185, 187-188 (Tex. App. - Eastland 1996) (writ denied). <u>See also</u> <u>Bagg v. University of Texas Medical Branch at Galveston</u>, 726 S.W.2d 582, 586 (Tex. App. - Houston [14th Dist.] 1987) (writ ref'd n.r.e.) (officials enjoy same governmental immunity as state entity to the extent they act in their official capacity when they discharge an employee).

litigated against the defendants in their individual capacities.[4]

We affirm the district court's grant of summary judgment in favor of Robinson, Williams and Doebbeling, dismissing them as defendants in their official capacities.

AFFIRMED.

---

[4] "Collateral estoppel depends on three elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have a necessary part of the judgment in that earlier action." RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1290 (5th Cir. 1995). In this case, all three elements are clearly present.